UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-626-H

BOSTON FINANCE GROUP, LLC                                                  PLAINTIFF

v.

NELSON E. CLEMMENS                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a motion to remand arising out of a somewhat unusual procedural posture. Boston Finance Group sued Nelson E. Clemmens in Oldham County Circuit Court to collect a debt on a personal line of credit. On November 26, 2013, the state court granted summary judgment in favor of Boston Finance. Clemmens did not appeal. Some seven months later, Clemmens filed a motion with the state court requesting leave to file counterclaims against Boston Finance. After a hearing, the state court ordered supplemental briefing on the issue of whether the state court had jurisdiction to consider Clemmens's counterclaims. Boston Finance opposed the motion for leave, claiming that under the Kentucky Rules of Civil Procedure, the court could not allow a counterclaim more than ten days after the entry of judgment. Nevertheless, the state court allowed the motion for leave and Clemmens filed his counterclaims. Boston Finance, as Plaintiff/Counterclaim Defendant, has now removed to federal court asserting diversity jurisdiction. Clemmens moved to remand and requested costs.

I.

Boston Finance, as the party seeking removal, bears the burden of establishing its statutory authority to remove. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). "[T]he states' important interest in the independence of their courts require[s]

strict construction of the removal statutes." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002). As such, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith*, 505 F.3d at 405.

This case hinges on 28 U.S.C. § 1441(a), which provides: "any civil action brought in a State court . . . may be removed *by the defendant or the defendants*" if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a) (2012) (emphasis added). The Sixth Circuit has said that this language should "be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims." *Curry*, 301 F.3d at 462-63. "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *Id.* at 461. Moreover, the Supreme Court long ago said that Congress intended to preclude removal by a plaintiff, based on a defendant's counterclaim, by specifically referring to "defendant or defendants." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The Court held: "We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others." *Id.* at 108. Quite simply, courts have held for over 70 years that "a counterclaim . . . defendant is not a 'defendant' who may remove the action to federal court." *In re Mort. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *Shamrock*, 313 U.S. at104-08).

Boston Finance was plainly a counterclaim defendant in the state court action. After Clemmens moved for leave to file its counterclaims in state court, Boston Finance made the same argument it has now presented to this Court—the state court lacked jurisdiction over the case under the Kentucky Rules of Civil Procedure because more than ten days had passed since the state court entered summary judgment. The state court held otherwise. When Boston

2

Finance sought to remove this case, then, the state court had specifically determined that Boston Finance was a counterclaim defendant. Under the plain language of the removal statute and over 70 years of Supreme Court precedent, Boston Finance would be without authority to remove this case.

The procedural posture here may seem extraordinary, but the Court finds no basis to treat Boston Finance as a defendant with the power to remove.[1] Courts in other jurisdictions have confronted similar issues and refused to allow a party other than the initial defendant to remove. In *Green Tree Financial Corp. v. Arndt*, 72 F. Supp.2d 1278 (D. Kan. 1999), the original plaintiff and counterclaim defendant ("Green Tree") sought to remove after the state court dismissed all of its initial causes of action. Because only the counterclaims remained, Green Tree sought to remove under § 1441(a). Relying on "*Shamrock's unequivocal* pronouncement barring removal on the basis of a counterclaim," the court found removal improper. *Id.* at 1282 (emphasis in original). The court reasoned: "[N]one of the cases cited, nor any other case of which the court is aware, have employed realignment principles to conclude that a state court plaintiff can become a defendant, for purposes of § 1441(a), entitled to remove after the dismissal of its self-appointed claims." *Id.* at 1282. Other courts have refused to allow removal by additional counter-defendants (who were not original plaintiffs), *see Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 334 (6th Cir. 2008), or by third-party defendants, *see First Nat'l Bank of Pulaski v. Curry*, 401 F.3d 456, 462-63 (6th Cir. 2002). In light of the federal courts' obligation to strictly construe the removal statutes in light of "important federalism concerns," *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 923 (5th Cir. 1997), and hesitance to allow removal

---

[1] Boston Finance never mentioned realignment nor cited any cases concerning this Court's authority to go behind the state court's specific determination that Boston Finance was a counterclaim defendant. Instead, Boston Finance has repackaged the jurisdictional arguments it made in the state court. Nevertheless, Boston Finance could not remove this case unless this Court disagreed with the state court and re-classified it as a "defendant."

3

by anyone other than a defendant "in the traditional sense," *Curry*, 301 F.3d at 462-63, the Court finds that Boston Finance has not established its authority to remove under § 1441(a).

Moreover, it is irrelevant for removal purposes whether Clemmens's counterclaims were directly related to Boston Finance's initial claims. In *Shamrock*, the Supreme Court held that the counterclaim defendant could not remove, even though the counterclaim was distinct from the original claim and could have been brought as a separate action. *Shamrock*, 313 U.S. at 103-04 ("We assume for purposes of decision . . . that respondent's counterclaim stated an independent cause of action . . . ."). Boston Finance's arguments to the contrary do not change the result.

Finally, the Court notes that this case implicates exactly the kind of comity and federalism concerns the federal courts have sought to further since *Shamrock*. A ruling for Boston Finance would require this Court to overrule a Kentucky state court's interpretation of the Kentucky Rules of Civil Procedure in a familiar case where the underlying claims and counterclaims arise from Kentucky substantive law. The Kentucky state courts are well-equipped to decide these matters, and Boston Finance will presumably have the opportunity to appeal any adverse rulings. This is why federal courts strictly construe the removal statutes. Thus, the Court's decision to remand this case to Oldham Circuit Court does not seem to create any unusual unfairness.

II.

The Court next considers Clemmens's request for costs and attorney fees. 28 U.S.C. § 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2012). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005), the Supreme Court ruled that a district court should not award fees under this statute, "absent unusual

4

circumstances," unless "the removing party lacked an objectively reasonable basis for seeking removal." The Sixth Circuit "has similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005)). "[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin*, 546 U.S. at 140.

Here, given the unusual procedural posture of this case in state court, Boston Finance had an objectively reasonable basis for seeking removal. Neither the parties nor this Court could locate any precedent directly holding that an after-acquired counterclaim could (or could not) provide grounds for removal. Moreover, as Clemmens submitted its counterclaims seven months after the summary judgment order, Boston Finance had a "fairly supportable" argument that it was actually the defendant in a new cause of action.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Clemmens's Motion to Remand is GRANTED and the action is REMANDED to Oldham Circuit Court.

IT IS FURTHER ORDERED that Clemmens's request for costs and attorney fees is DENIED.

cc: Counsel of Record